Clarke v American Truck & Trailer, Inc. (2019 NY Slip Op 02448)





Clarke v American Truck & Trailer, Inc.


2019 NY Slip Op 02448


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8625 310675/11

[*1]Darnley Clarke, Plaintiff-Appellant,
v
American Truck and Trailer, Inc., et al., Defendants, National Freight, Inc., Defendant-Respondent.


G. Wesley Simpson, P.C., Brooklyn (G. Wesley Simpson of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (James E. Kimmel of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 21, 2017, which granted defendant National Freight, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings, including determination of those issues not previously reached by the motion court.
This is an action for personal injuries arising from a motor vehicle accident. Plaintiff, a truck driver, alleges that employees of defendant National Freight, Inc. negligently loaded his trailer with codefendant Ocean Spray Cranberry, Inc.'s products, placing more goods onto it than it was designed to carry. Plaintiff further alleges that this caused the trailer to buckle and break apart, as a result of which he lost control of his vehicle and it crashed into a concrete divider. Finally, he alleges that he suffered serious injury from the incident.
National Freight failed to make out a prima facie case entitling it to summary judgment and dismissal of the complaint for two reasons. First, defendant offered, and the motion court relied on, the affidavit of Scott Brucker, general counsel to nonparty NFI Management Services. Brucker states that NFI Management Services provides "management and legal services" to National Freight and nonparty National Distribution Centers LLC. However, Brucker's affidavit was insufficient to establish that it was National Distribution Centers, and not National Freight, which provided distribution services for Ocean Spray at the subject distribution facility when the accident occurred. Although Brucker averred that he was "fully familiar with the corporate structure, governance and legal filings made and/or performed on behalf of both companies," he does not work for National Freight. Accordingly, he has no personal knowledge of National Freight's activities at the relevant times. Indeed, he admits as much when he states that the basis for his claimed knowledge of which entity was responsible for providing distribution services at the subject facility was his having been so "advised" by an unnamed person or persons. Accordingly, his affidavit is insufficient to establish defendant's entitlement to summary judgment (CPLR 3212[b]; Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).
Second, defendant offered, and the motion court relied on, a copy of a distribution services agreement between Ocean Spray and National Distribution Centers, attached to defendant's attorney's affirmation. However, this document was not authenticated (CPLR 4518[a]). Accordingly, it was not admissible and was not an appropriate basis on which to grant summary judgment (Zuckerman , 49 NY2d at 562).
Since defendant did not make out a prima facie case for summary judgment in its favor, [*2]we need not address the arguments about the sufficiency of the opposition papers submitted by plaintiff.
Because the motion court granted summary judgment on the issue discussed above, it did not reach defendant's arguments based on the causation of the accident, and that plaintiff's
injury did not constitute a "serious injury" under Insurance Law § 5102(d). We now remand to the motion court to address those issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK